PENDLETON, President,
delivered the resolution of the Court as follows ;
This was a judgment on a forthcoming bond, in Mbemarlc County Court, in June, 1795 ; the defendant appealed to the District Court, where the judgment was affirmed on the 20th Jlpril, 1796, and an appeal was prayed to this Court. In Jlpril, 1797, the record was not returned, and the appellee was entitled to a dismission of the appeal, with costs; but no step is taken until the present term, when, upon notice to the appellant, the record is produced by the appellee, who moves that it may be opened, and, if *212 no error, that the judgment may be affirmed, with damages and costs.
On a view of the act of Assembly, it appears, that the Legislature fully contemplated this subject. They thought it proper to allow the appellant to the end of the second term of this Court to bring up the record, before any neglect was to be imputed to him; probably from the remote distances of the places where some of the District Courts are held from this City and our office, to which the record is to be returned.
At the second term, the appellee had a remedy to get rid of the appeal, by bringing up the record, and praying an affirmance; and, if he did not assert it then, the subsequent delay is to be imputed to himself. The remedy for the appellee after the second term, is a dismission of the appeal, with costs, which has considerable beneficial effects; since, besides leaving him at liberty to pursue his judgment, it closes all future appellate jurisdiction over the cause.
Whether the Legislature meant, that any damages should be had in'this case, or left them to be recovered on the appeal bond, is not for the Court to say on this occasion. It is súfficient to decide, that at present, the law does not authorise the Court to go further than a dismission, with costs, which is to be the entry in this cause, and others in the same situation.
The case of Stephens v. White, which gave rise to our rule, was an application from the appellant, who wished to prosecute the appeal; and, on notice to the appellee, shewed an excuse, satisfactory to the Court, for the delay in transmitting the record; upon which, it was docketed, and heard, and he subjected himself to all the consequences.